UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

Plaintiff,

- against -

ALI KHAN,

Defendant.

- - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 3 0 2005 ★

BROOKLYN OFFICE

ORIGINAL

AMENDED CONSENT
ORDER OF FORFEITURE

04 CR 441 (JG)

WHEREAS, in the above-captioned case, the defendant consents to the entry of a forfeiture money judgment in the amount of one million, three hundred ninety thousand dollars and no cents ($1,390,000.00) in United States currency ("Forfeiture Money Judgment"), pursuant to 18 U.S.C. 981(a)(1)(C), 21 U.S.C. 853(p) and 28 U.S.C. 2461, as property which constitutes or is derived from proceeds traceable to an offense, or a conspiracy to commit an offense constituting a specified unlawful activity, as defined in 18 U.S.C. 1956(c)(7), to wit, 50 U.S.C. 1701, and/or as substitute assets.

WHEREAS, on or about September 15, 2005, defendant entered a plea of guilty to Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. § 371, to wit, conspiracy to violate 50 U.S.C. 1701; and

WHEREAS, the defendant consents to the entry of the Forfeiture Money Judgment in connection with his guilty plea and agrees that the Forfeiture Money Judgment is property derived

from or is proceeds traceable to an offense, or a conspiracy to commit an offense constituting a specified unlawful activity, as defined 18 U.S.C. 1956(c)(7), to wit, 50 U.S.C. 1701, and or as substitute assets of the defendant.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.    The defendant shall forfeit to the United States the Forfeiture Money Judgment, pursuant to 18 U.S.C. 981(a)(1) (C), 21 U.S.C. 853(p) and 28 U.S.C. 2461.

2.    In partial satisfaction of the Forfeiture Money Judgment, the defendant agrees to forfeit to the United States any and all of his right, title and interest in: approximately eighty seven thousand and thirty dollars and no cents ($87,030.00) in United States currency, more or less, and all proceeds traceable thereto, seized by law enforcement officers from him on or about April 28, 2004. In addition, in partial satisfaction of the Forfeiture Money Judgment, the defendant agrees to refinance the real property and premises known as Turboanalisis/Turbo Technologies, owned by Turboanalisis Property Investment, L.L.C., principals Ali Khan and Lisa Khan, located at 5310 S. 32ND Street, Phoenix, Arizona 85040, "lot one(1), According to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, Recorded in Book 428 of Maps, Page 42" (the Phoenix Property). The defendant Ali Khan

and his wife, Lisa Khan ("the Third Party Signatory") consent to the immediate filing of a <u>lis</u> <u>pendens</u> by the United States against the Phoenix Property, which is currently owned by the defendant and the Third Party Signatory under the name of Turboanalisis Property Investment, L.L.C.

3.    In partial satisfaction of the criminal forfeiture the Clerk of the Court is directed to take custody of the check previously issued to the United States Marshals Service in the amount of Thirty-Four Thousand Dollars and no cents ($34,000.00), pursuant to the Amended Order Modifying Conditions of Release so ordered by Honorable John Gleeson on October 3, 2005 and reissue check for the same amount payable to the "United States Department of Homeland Security, Immigration and Customs Enforcement" and provided to Assistant United States Attorney Elaine Banar, One Pierrepont Plaza, Brooklyn, New York 11201.

4.    The defendant agrees to fully assist the government in effectuating the surrender of the Forfeiture Money Judgment and to take whatever steps are necessary to ensure full payment of the Forfeiture Money Judgment.

5.    No contract of sale or refinancing in connection with the Phoenix Property may be entered into by the defendant or the Third Party Signatory without the prior written approval by the United States Attorney's Office for the Eastern District of New York, which approval shall include not only the selling price

or refinancing agreement, but also all fees and costs connected
with the sale or refinancing. Any proceeds from such sale or
refinancing, after payment of any approved liens, fees and
expenses, shall be applied to any unpaid portion of the
Forfeiture Money Judgment and thereafter, any excess proceeds
shall be paid to the title owners of the property. The defendant
and the Third Party Signatory agree that the Forfeiture Money
Judgment operates as a fully enforceable lien against the Phoenix
Property to the extent that it remains unsatisfied. This Office
shall be notified of the date of any closing for any such sale or
refinancing. The defendant agrees to have the proceeds from such
sale or refinancing, less the approved liens, fees and expenses,
made payable to the United States Department of Homeland
Security, Immigration and Customs Enforcement, as set forth
below.

      6.   The defendant agrees to make all payments to
satisfy the Forfeiture Money Judgment by certified or bank check,
payable to the "United States Department of Homeland Security,
Immigration and Customs Enforcement," and shall cause said checks
to be sent by overnight air express delivery to Assistant United
States Attorney Elaine D. Banar, United States Attorney's Office,
Eastern District of New York, 1 Pierrepont Plaza, Brooklyn, New
York 11201, with the criminal docket number noted on the face of
each check.

7.     The United States Department of Homeland Security, Immigration and Customs Enforcement shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

8.     The defendant agrees not to assert any claim or assist any other person to assert any claim to any of the properties forfeited pursuant to this Consent Order of Forfeiture in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of forfeiture allegations, and waives any and all defenses to the forfeiture described in this Preliminary Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

9.     This Consent Order shall be final and binding only upon the Court's "so ordering" of the Consent Order.

10.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order, together with Supplemental Preliminary

Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

11.    The United States shall have clear title to the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

12.    This Consent Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order.

14.    The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Elaine D. Banar, United States Attorney's Office, Eastern District of New York, 147 Pierrepont Street, Brooklyn, New York 11201.

Dated: Brooklyn, New York
     December ﾑ , 2005

            s/John Gleeson
            HONORABLE JOHN GLEESON
            UNITED STATES DISTRICT JUDGE